Ryan Lee (SBN: 024846)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Tel: 323-988-2400 x241
Fax: 866-583-3695
rlee@consumerlawcenter.com
Attorneys for Plaintiff,
CHRIS DUTTON

**UNITED STATES DISTRICT COURT,**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| CHRIS DUTTON,<br><br>       Plaintiff,<br><br>    v.<br><br>FIRST CAPITAL GROUP, INC.,<br><br>       Defendant. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)** |

**PLAINTIFF'S COMPLAINT**

CHRIS DUTTON (Plaintiff), through his attorneys, KROHN & MOSS, LTD., alleges the following against FIRST CAPITAL GROUP, INC. (Defendant):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

**JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Defendant conducts business in the state of Arizona, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

5. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

6. Plaintiff is a natural person residing in Glendale, Maricopa County, Arizona.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

9. Defendant is a collection agency and conducts business in Arizona.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt.

12. Defendant places collection calls to Plaintiff on his cellular phone: 623-826-7249.

13. Defendant places collection calls to Plaintiff and requests Plaintiff call back on: 866-647-1620.

14. Defendant claimed to be calling from the Sheriff's Department and asked Plaintiff for an address in order to have him served.

15. Defendant threatened Plaintiff with legal action by providing Plaintiff with a court case number even though no lawsuit has been filed against Plaintiff.

16. Defendant contacted Plaintiff's previous employer and stated that Defendant had a Summons to serve on Plaintiff.

17. Defendant threatened to repossess Plaintiff's motorcycle if immediate payment was not

made.

18. One of Defendant's representatives told Plaintiff that he was an attorney.

19. Defendant has failed to provide Plaintiff with a debt validation letter.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

20. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692c(a)(1)* of the FDCPA by contacting Plaintiff at a time and place known to be inconvenient;

   b. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of this is to harass, abuse, and oppress the Plaintiff;

   c. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff;

   d. Defendant violated *§1692e(1)* of the FDCPA by falsely representing that Defendant is affiliated with the Sheriff's Department;

   e. Defendant violated *§1692e(2)(A)* of the FDCPA by falsely representing the character, amount, and legal status of Plaintiffs' debt;

   f. Defendant violated *§1692e(3)* of the FDCPA by falsely implying that to Plaintiff that the communication was from an attorney;

   g. Defendant violated *§1692e(4)* of the FDCPA by representing that nonpayment of the alleged debt would result in repossession of Plaintiff's motorcycle;

   h. Defendant violated *§1692e(5)* of the FDCPA by threatening to take legal action against Plaintiff;

   i. Defendant violated *§1692e(10)* of the FDCPA by engaging in deceptive means to attempt to collect a debt by threatening to take legal action against Plaintiff and

        by threatening to repossess Defendant's motorcycle;

j. Defendant violated *§1692f* of the FDCPA by engaging in unfair and unconscionable means to collect or attempt to collect the alleged debt;

k. Defendant violated *§1692g(a)(1-5)* of the FDCPA by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

WHEREFORE, Plaintiff, CHRIS DUTTON, respectfully requests judgment be entered against Defendant, FIRST CAPITAL GROUP, INC., for the following:

21. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

22. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

23. Actual damages,

- 4 -

PLAINTIFF'S COMPLAINT

24. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

25. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff, CHRIS DUTTON, demands a jury trial in this cause of action.

                                        RESPECTFULLY SUBMITTED,

DATED: November 19, 2009       KROHN & MOSS, LTD.

                                        /s/ Ryan Lee

                       By: _____

                                      Ryan Lee
                                      Attorney for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ARIZONA

Plaintiff, CHRIS DUTTON, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, CHRIS DUTTON, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: _17 November 2009_    _____
                              CHRIS DUTTON